OPINION OF THE COURT
Herbert A. Posner, J.
This is a motion by the plaintiff for summary judgment which brings into issue the effect of a misrepresentation as to residency and location of the vehicle covered under an automobile liability policy issued in the State of New Jersey.
The plaintiff brought this declaratory judgment action to *564 determine whether the defendant is required to pay him no-fault benefits for injuries he sustained in an automobile accident that occurred in Brooklyn, New York, on December 28, 1984. The complaint alleges that the vehicle in which plaintiff was riding was insured by the defendant at the time of the accident under a policy which became effective March 26, 1984. A copy of the policy annexed to the moving papers indicates that it was issued to the plaintiff, Shanka Desalu, 380 Irvington Avenue, Elizabeth, New Jersey, and contains the statement that: "The Auto(s) or Trailer(s) described in this policy is (are) principally garaged at the insured address unless otherwise stated.” The defendant insurer has refused to pay no-fault benefits to the plaintiff claiming that he misrepresented his residency.
Both parties concede that plaintiff’s residency is a question of fact. The plaintiff, however, contends that it is immaterial because of legislation enacted in the State of New Jersey in 1968 entitled: "An Act covering cancellation and nonrenewal of automobile liability, physical damage or collision insurance policies.” (NJ Stat Annot §§ 17:29C-6 — 17:29C-13.) This legislation provides that a policy in effect for more than 60 days can only be canceled for nonpayment of premiums or because of the suspension or revocation of the vehicle’s registration or the driver’s license (NJ Stat Annot § 17:29C-7), and also requires that at least 15 days’ notice of such cancellation be mailed or delivered to the insured (NJ Stat Annot § 17:29C-8). The defendant concedes that it failed to cancel the policy in accordance with the New Jersey cancellation statutes, but maintains that the common-law right to rescind an insurance policy, issued in reliance upon a material misrepresentation by the insured, was not abrogated by the statutes and is still recognized in New Jersey.
Under the common-law rule "a misrepresentation by the insured, whether contained in the policy itself or in the application for insurance, will support a forfeiture of the insured’s rights under the policy if it is untruthful, material to the particular risk assumed by the insurer, and reasonably relied upon by the insurer issuing the policy.” (Williams v American Home Assur. Co., 121 NJ Super 351, 361, 297 A2d 193, 198.) If the court accepts the defendant’s argument that this common-law rule still applies in New Jersey, it would render virtually meaningless the 60-day limitation on the cancellation of automobile policies set forth in that State’s 1968 legislative enactment. The defendant offers no support *565 for such a limited application of this legislation in either the decisional law of New York or New Jersey. On the contrary, in a recent unreported New York decision, the court concluded that by virtue of the cancellation statutes, a New Jersey policy in effect for more than 60 days "cannot be voided ab initio even if proved that the policy was procured through fraud or misrepresentation. ” As a result, the insurer was required to honor a claim for loss by theft of a covered automobile, regardless of a contention that the insured had misrepresented her domicile. (Bruzzese v Allstate Ins. Co., index No. 21032/85, Sup Ct, Queens County, July 7, 1986.) The only cited New Jersey case, decided after 1968, that involved a policy issued in that State to an insured who had misrepresented his place of residence, limited the insurer to recomputing the premium charged in accordance with a provision in the policy. (Fellippello v Allstate Ins. Co., 172 NJ Super 249, 411 A2d 1137.) In a footnote comment, the court questioned the materiality of such a misrepresentation and expressed doubt that it entitled the insurer to rescind the policy (172 NJ Super, at 258, n 1, 411 A2d, at 1141, n, supra). While no mention was made in the decision of the 1968 New Jersey statutes limiting cancellation of automobile policies, it does not lead to the conclusion, proposed by the defendant, that these statutes are not applicable to a termination based upon a misrepresentation by the insured.
The avowed purpose of the New Jersey statutes is the delineation of rules applicable to the cancellation and nonrenewal of automobile policies. Automobile physical damage and automobile collision policies, under which claims emanate from the insured, as well as automobile liability policies, which usually involve third-party claims, are made subject to these rules. (NJ Stat Annot § 17:29C-6.) The insurer cannot avoid the effect of such broad legislation by arguing that a misrepresentation by the insured results in a "rescission ab initio”, rather than a "cancellation” of the policy. If the New Jersey Legislature intended such a restricted application of this act, it could easily have so provided. In the absence of any indication that the cancellation statutes do not apply when the insurer seeks to terminate the policy on the ground of fraud or misrepresentation by the insured, this court cannot impose such a limitation.
Accordingly, the plaintiffs motion for summary judgment is granted. The court finds and declares that the automobile liability policy issued to plaintiff by the defendant was in full *566 force and effect on December 28, 1984, the date of the accident involving the insured vehicle in which plaintiff was a passenger, and that the defendant is required to pay plaintiff no-fault benefits in accordance with the terms of the policy and reasonable attorneys’ fees in accordance with section 5106 of the Insurance Law.